UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH CLEVELAND, <br><br> Plaintiff, <br><br> v. <br><br> DOC, et al., <br><br> Defendants. | CAUSE NO. 3:20CV10-PPS/MGG |

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed a complaint regarding his treatment at the Indiana State Prison on December 24, 2019. He has sued five defendants: Indiana Department of Correction, Warden Ron Neal, Sgt. Thompson, Officer Wilson, and Lien Reiden. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As an initial matter, Cleveland has named the D.O.C. or Indiana Department of Correction as a defendant. The Indiana Department of Correction is a State agency and is immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity:

(1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions applies here, so I cannot allow him to proceed against the Indiana Department of Correction (sued as D.O.C.).

Cleveland asserts that, on December 24, 2019, he needed a breathing treatment, but Officer Wilson refused to take him for that treatment. Prisoners are entitled to medical treatment consistent with the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id*. Cleveland, however, does not describe his symptoms, explain what transpired between him and Officer Wilson, or assert any facts that suggest that Officer Wilson was deliberately indifferent to his serious medical needs. Accordingly, he cannot proceed on this claim.

Cleveland also alleges that his cell was "stripped out" by Sgt. Thompson at Lien Reider's direction. ECF 1 at 2. He explains that his legal mail, inhaler, shoes, hygiene items, blankets and underclothes were all taken. He was cold and he needed his inhaler. He also needed his shoes because they help with his back pain. And, he went several days without his inhaler or a shower.

Cleveland claims that the taking of his legal mail deprived him of access to the courts. To state a claim for a denial of access to the courts, a prisoner must demonstrate

2

that "state action hindered his or her efforts to pursue a nonfrivolous legal claim and that the plaintiff suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). Cleveland has made no such showing.

Cleveland also claims that the conditions he endured violated the Eighth Amendment. In evaluating an Eighth Amendment claim, I must conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* The subjective prong asks whether the defendant was deliberately indifferent. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Here, Cleveland alleges only that Sgt. Thompson and Reiden were involved in the initial decision to remove his property, but he does not allege that either of these defendants was responsible for the temperature in his cell or denying him necessary medical care, hygiene items, or access to a shower in the days that followed. Therefore, these allegations do not state an Eighth Amendment claim against Sgt. Thompson or Reiden.

Cleveland wrote Warden Neal to complain the day his property was removed, but nothing was done about his circumstances. Cleveland does not allege that Warden Neal was personally involved in either the decision to take away his property or the

3

alleged refusal to provide adequate warmth in his cell or access to showers or medical care. Accordingly, Cleveland cannot proceed against Warden Neal.

Cleveland also suggests that the actions taken against him amount to retaliation. "To prevail on his First Amendment retaliation claim, [Cleveland] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Cleveland has not identified any particular First Amendment activity that he engaged in or any link between that activity and the defendants' actions. Thus, he cannot proceed on a First Amendment retaliation claim against any of the defendants.

While Cleveland cannot proceed on this complaint, he will be granted opportunity to amend his complaint. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint, Form Pro Se 14 (INND Rev. 2/20), and send it to Keith Cleveland;

(2) GRANTS Keith Cleveland until **August 21, 2020**, to file an amended complaint on that form; and

(3) CAUTIONS Keith Cleveland that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on July 21, 2020.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT